# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **JEFFREY RONALD WOLSKI,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-CV-00165-CLC-SKL** |
| | ) | |
| **JAYCEE T. REFF, in his individual** | ) | **JURY DEMANDED** |
| **capacity, and the CITY OF JEFFERSON** | ) | |
| **CITY, TENNESSEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Comes the Plaintiff, Jeffrey Ronald Wolski, by and through counsel, and sues the Defendants Jaycee T. Reff and the City of Jefferson City, Tennessee, pursuant to 42 U.S.C. § 1983 and State law for compensatory and punitive damages in an amount to be proven at trial, the costs of this cause, and attorney's fees and costs in accordance with U.S.C. § 1988, and for his cause of action claims and alleges as follows:

1.      The Plaintiff, Jeffrey Ronald Wolski (hereinafter referred to as "Plaintiff") is a citizen and resident of Jefferson County, Tennessee.

2.      The Defendant Jaycee T. Reff (hereinafter referred to as "Defendant Reff") is a citizen and resident of Jefferson County, Tennessee.

3.      The Defendant City of Jefferson City, Tennessee, is a municipality located in Jefferson County, Tennessee.

4.      This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has venue of his cause pursuant to 28 U.S.C. § 1391.

5. On or about November 12, 2024, Defendant Reff pulled over Plaintiff and conducted a traffic stop at 100 Evan Ct., Talbott, Tennessee 37877. Defendant Reff allegedly pulled Plaintiff over to the side of the road as a result of a faulty taillight but immediately asked Plaintiff to exit the vehicle and performed an alleged investigation of Plaintiff concerning the offense of driving under the influence, T.C.A. § 55-10-401 *et. seq.* After purportedly smelling alcohol and subjectively determining that Plaintiff performed poorly on a field sobriety test, Defendant arrested Plaintiff and took him to the City of Jefferson City Police Department to perform a breath test on the Parkman's Intoximeter. Plaintiff consented to the same and the results of the Intoximeter clearly showed Plaintiff with a blood alcohol level substantially less than the legal limit. Yet, rather than release Plaintiff from custody, Defendant Reff transported Plaintiff to Jefferson Memorial Hospital and requested a blood sample from the Plaintiff. Plaintiff again consented to the blood sample and two (2) vials of blood were drawn from his body. Plaintiff was then transported to the Jefferson County Detention Facility and was incarcerated.

6. Plaintiff bonded out of jail, and was prosecuted through the General Sessions Court of Jefferson County, Tennessee in the case of *State of Tennessee v. Jeffrey Ronald Wolski*, Case No. 269549. After a few court appearances waiting for the results of Plaintiff's blood sample, court dismissed the case against Plaintiff as the blood sample did not show the illegal presence of alcohol or any other intoxicant. The order dismissing the action against the Plaintiff is dated April 29, 2025, and court costs were taxed to the State of Tennessee.

7. The Plaintiff avers that no probable cause existed to arrest him for driving under the influence as defined by T.C.A. § 55-10-401, *et. seq.*, for alcohol or any other intoxicant. As such, Plaintiff avers that no probable cause existed to prosecute him for the offense of driving

2

under the influence as defined by T.C.A. § 55-10-401, *et. seq.* for alcohol or any other intoxicant. In fact, the facts available to Defendant Reff are to the contrary.

8.    Plaintiff avers that his clearly-established rights to be free from arrest without probable cause secure to him pursuant to the Fourth and Fourteenth Amendment to the Constitution of the United States were violated by Defendant Reff and Defendant Reff is liable for all damages as a result of the deprivation. The Plaintiff also avers that his Fourth and Fourteenth Amendment right to be free from malicious prosecution secured by the Fourth and Fourteenth to the United States Constitution was likewise violated by Defendant Reff and Defendant Reff is liable for all damages resulting from this deprivation.

9.    As a direct and proximate result of Defendant's unconstitutional conduct and violations of State law, Defendant suffered substantial compensatory damages for physical and mental pain and suffering, abuse, humiliation, etcetera. Defendants are also liable to Plaintiff for monies expended for bonding out of the Jefferson County Detention Facility, and hiring a lawyer to successfully defend the underlying criminal charge which as referenced above was dismissed April 29, 2025.

10.   The Plaintiff avers that the Defendant City of Jefferson City is liable to him under 42 U.S.C. § 1983. This Defendant avers that at all times material herein Defendant Reff's unconstitutional acts and omissions toward Plaintiff were performed in furtherance of the policies and/or customs of the City of Jefferson City. Specifically, the policies and customs of the City of Jefferson City were the moving force behind the violation of Plaintiff's clearly-established federal constitutional rights. Moreover, Plaintiff avers that in addition to the foregoing, the Defendant City of Jefferson City is likewise liable under 42 U.S.C. § 1983 for its deliberate indifference to

3

the training and/or supervision of Defendant Reff in performing investigations, arrests, and prosecuting citizens for driving under the influence of alcohol.

11.     Defendant avers that Defendants are also liable under the State law claims of false arrest, false imprisonment, and malicious prosecution.

WHEREFORE, the Plaintiff, Jeffrey Ronald Wolski, demands judgment against the Defendants Jaycee T. Reff and the City of Jefferson City for compensatory damages, the costs of this cause, attorney's fees and costs pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial and further demands a jury to try this cause.

Respectfully submitted this 7th day of July, 2025.

**ARTHUR F. KNIGHT, III**

/s/ *Arthur F. Knight, III*
Arthur F. Knight, III, BPR# 016178
The Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
(865) 252-0430
art@artknightlaw.com

*Attorney for Plaintiff*

4